UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                       :  Case No. 06-11682 (BRL)

In re
                       :

DONNA BERG,
                       :  (Chapter 7)

         Debtor.
                       :
------------------------------------------------------- x
                       :

DONNA BERG,
                       :  District Court

         Appellant,
                       :  Case No.  08-CV-05548 (DAB)
   -against-
                       :

DIANA G. ADAMS as the
UNITED STATES TRUSTEE,
                       :

                       :

         Appellee.
                       :
------------------------------------------------------- x


## BRIEF OF APPELLEE UNITED STATES TRUSTEE


Of Counsel:

| | |
|---|---|
| RAMONA ELLIOTT | LINDA RIFFKIN |
| General Counsel | Assistant United States Trustee |
| P. MATTHEW SUTKO | SUSAN D. GOLDEN |
| CARRIE WEINFELD | MARYLOU MARTIN |
| Office of the General Counsel | Trial Attorneys |
| | |
| Executive Office for United States Trustees | Office of the United States Trustee |
| United States Department of Justice | 33 Whitehall Street, 21st Floor |
| 20 Massachusetts Avenue, N.W. | New York, NY 10004 |
| Suite 8100 | (212) 510-0500 |
| Washington, DC 20530 | |
| (202) 305-0550 | |

## TABLE OF CONTENTS

TABLE OF CONTENTS                                                           i

TABLE OF AUTHORITIES                                                        ii

I.      INTRODUCTION AND STATEMENT OF JURISDICTION                          1

II.     STATEMENT OF ISSUE PRESENTED                                        2

III.    STANDARD OF APPELLATE REVIEW                                        2

IV.     STATEMENT OF FACTS                                                  3

V.      SUMMARY OF ARGUMENT                                                 10

VI.     ARGUMENT                                                            11

        A.      Cause Existed to Dismiss the Case                           11

        B.      Cause Existed to Dismiss the Case with Prejudice to
                Refiling for a One Year Period                              12

VII.    CONCLUSION                                                          17

## <u>TABLE OF AUTHORITIES</u>

<u>CASE</u>                                                                                                    <u>PAGE</u>

Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Casse v. Key Bank Nat'l. Ass'n (In re Casse), 198 F.3d 327, 332 (2d Cir. 1999) . . . . . . . .2,12, 13

Durham v. Florida East Coast Railway Co., 385 F.2d 366, 368 (5th Cir. 1967) . . . . . . . . . . . 14

Gulf States Exploration Co. v. Manville Prods. Corp. (In re Manville Prods. Corp.), 896 F.2d
    1384, 1388 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hall v. Vance, 887 F.2d 1041, 1044-45 (10th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

In re Camden Ordnance Mfg. Co. of Ark, 245 B.R. 794, 797 (E.D. Pa. 2000) . . . . . . . . . . . . . 3

In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . .12

In re Donna Berg, Case No. 06-11682 (Bankr. S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

In re Herrera, 194 B.R. 178 (Bankr. N.D. Ill. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Hughes, 360 B.R. 202, 205-06 (Bankr. N.D.Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Jones, 289 B.R. 436, 439 (Bankr. M.D. Ala. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Ladd, 82 B.R. 476, 477 (Bankr. N.D. Ind. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Martin-Trigona, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . 14

In re McClure, 69 B.R. 282 (Bankr. N.D. Ind. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Phoenix Land Corp, 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993) . . . . . . . . . . . . . . . . . .13, 14

In re Phouminh, 339 B.R. 231, 247 (Bankr. D. Colo. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

In re RAM, Inc., 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Sphere Holding Corp., 162 B.R. 639, 642-43 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . 3

In re State Street Assoc., 348 B.R. 627, 639, n. 24 (Bankr. N.D.N.Y. 2006) . . . . . . . . . . . . . . 11

In re The 1031 Tax Group, LLC, 374 B.R.78, 93  (Bankr. S.D.N.Y. 2007) . . . . . . . . . . . . . . . 12

In re V Companies and V-S Architects, Inc., 274 B.R. 721, 725 (Bankr. N.D. Ohio 2002) . . . . 15

Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)  . . . . . . . 2

Sullivan Cent. Plaza I, Ltd. v. Bancboston Real Estate Capital Corp., 935 F.2d 723, 728
    (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tomlin Colonial Auto Ctr. V. Tomlin (In re Tomlin), 105 F. 3d 933, 937 (4th Cir. 1997) . . . 13

## STATUTES                                                                  PAGE

11 U.S.C. § 1112(b)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

11 U.S.C. § 1112(b)(4)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11 U.S.C. § 707(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 U.S.C. § 707(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 701(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 702(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 704  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 157. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 158(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §  586(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

28 U.S.C. §  586(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

28 U.S.C. § 1930(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**<u>RULES</u>**                                                                    **<u>PAGE</u>**

Fed. R. Bankr. P., Interim Rule 1007(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Bankr. P. 2015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Bankr. P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## I.    INTRODUCTION AND STATEMENT OF JURISDICTION

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"),[1]

respectfully submits this memorandum of law in opposition to the appeal of Donna Berg (the

"Debtor") from the order of the Honorable Burton R. Lifland, dated May 6, 2008 (the "Order"),

granting the motion of the United States Trustee to dismiss her Chapter 11 Case with prejudice

to re-filing for a period of one year [D-11; ECF 67].[2]

On July 24, 2006, the Debtor filed a voluntary petition under Chapter 7 of the

Bankruptcy Code.  The case was converted to a case under Chapter 11 of the Bankruptcy Code

on October 2, 2007.  Under 28 U.S.C. § 157, the United States Bankruptcy Court for the

Southern District of New York had jurisdiction over the bankruptcy case.  On May 6, 2008, the

Bankruptcy Court entered the Order and the Debtor filed a timely notice of appeal.  This Court

has jurisdiction to hear and determine this appeal pursuant to 28 U.S.C. § 158(a), which

provides, in part, that the district courts of the United States shall have jurisdiction to hear

appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases under 28

U.S.C. § 157.

---

[1]    The United States Trustee is an official of the Executive Branch responsible for "protecting the public interest and ensuring that bankruptcy cases are conducted according to the law."  H.R. Rep. No. 95-595, 95th Cong., 2d Sess. 109 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6070.  See 28 U.S.C. §586(a).

[2]    "D-" is used herein to identify a document by its number in the Debtor's Designation of Contents for Inclusion in Record on Appeal and Statement of Issues On Appeal.  For convenience, this brief will cross-reference the document to the corresponding docket entry on the electronic case filing system ("ECF") in the bankruptcy case,  In re Donna Berg, Case No. 06-11682 (Bankr. S.D.N.Y.).

## II.    STATEMENT OF ISSUE PRESENTED

The Debtor consented to the dismissal of her bankruptcy case. The Debtor conceded that dismissal with prejudice for three to six months was reasonable. The only issue presented on appeal is whether the Bankruptcy Court abused its discretion when it imposed upon the Debtor a one-year bar to filing another petition.

## III.    STANDARD OF APPELLATE REVIEW

A district court reviews appeals of a bankruptcy court's conclusions of law *de novo*. Findings of fact made by a bankruptcy court may not be set aside unless clearly erroneous. See Fed. R. Bankr. P. 8013; Casse v. Key Bank Nat'l. Ass'n (In re Casse), 198 F.3d 327, 332 (2d Cir. 1999) (bankruptcy court's factual findings will be accepted unless clearly erroneous); Gulf States Exploration Co. v. Manville Prods. Corp. (In re Manville Prods. Corp.), 896 F.2d 1384, 1388 (2d Cir. 1990). This deferential standard applies not only to credibility assessments but also to interpretations deriving from "physical or documentary evidence or inferences from other facts." Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985). A reviewing court may not "reverse the findings of the trier of fact simply because it is convinced that it would have decided the case differently." Anderson, 470 U.S. at 573 (1985). In a frequently cited passage, the Seventh Circuit explained, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988). A bankruptcy court's order dismissing or converting a case is reviewed under an abuse of discretion standard. See Sullivan Cent. Plaza I, Ltd. v. Bancboston Real Estate Capital Corp., 935 F.2d 723, 728 (5th Cir. 1991); Hall v. Vance, 887 F.2d 1041, 1044-45 (10th Cir.

1989); In re Camden Ordnance Mfg. Co. of Ark, 245 B.R. 794, 797 (E.D. Pa. 2000); In re Sphere

Holding Corp., 162 B.R. 639, 642-43 (E.D.N.Y. 1994).  Discretion will be found to have been

abused only when "the judicial action is arbitrary, fanciful or unreasonable which is another way

of saying that discretion is abused only where no reasonable [person] would take the view

adopted by the trial court."  Camden Ordnance, 245 B.R. at 797 (quoting In re Blackwell, 162

B.R. 117, 119 (E.D. Pa. 1993)).

## IV.    STATEMENT OF FACTS

The facts of this case are largely undisputed.  On July 24, 2006, the Debtor commenced

this bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. [D-

1; ECF 1].  The Debtor is an individual who is the sole principal and sole employee of an events

planning business known as Donna Berg Productions Inc. ("DB Productions").  See Debtor's

Brief in Support of Appeal ("Debtor's Brief"), p. 3, ¶2].  DB Productions was incorporated as a

New York Subchapter S corporation [D-8; ECF 61 - Declaration of Brian S. Masumoto in

support of Motion to Convert or Dismiss, ¶4].

While the Debtor concedes that DB Productions was only a "modest success" prior to

filing bankruptcy, the Debtor lived an extraordinary lifestyle, wearing designer clothes, living in

an apartment with a monthly rent of $7,100.00 and providing nanny care for her son at a cost of

$2,800.00 per month. [CD- 1, pp.3- 4, ¶¶ 9, 12, 15; D-1; ECF 1 - Schedule J].  The Debtor's

bankruptcy schedules list assets totaling $30,982.00. [D-1; ECF 1 - Schedule B].   These assets

consist primarily of the security deposit of $14,000.00 on her apartment and an IRA valued at

$15,000.00. [Id.].  The Debtor's liabilities, as set forth in the Bankruptcy Schedules, total

$530,869.00, which includes $41,040.00 of priority tax claims and $489,829.00 of general

unsecured claims.[D-1; D-2; ECF 1 - Schedule E; 6 - Amended Schedule F].  The general

unsecured claims are comprised of amounts advanced by the Debtor's family members of

approximately $144,000.00, amounts charged by the Debtor to credit cards totaling

approximately $168,000.00, amounts owed by the Debtor for personal income taxes and related

interest and penalties for the years 1993 though 2000 totaling $87,000.00, and amounts owed to

vendors and service providers to DB Productions that were personally guaranteed by the Debtor,

totaling approximately $81,000.00. [D-2; ECF 6].

**The Chapter 7 Case and the United States Trustee's**
**Motion to Dismiss the Chapter 7 Case for Bad**
**Faith and Abuse, Pursuant to 11 U.S.C. § 707**

Upon the filing of the Debtor's Chapter 7 case, Robert L. Geltzer, Esq., was appointed as

Interim Chapter 7 Trustee and, thereafter, became permanent Chapter 7 Trustee of the Debtor's

estate by operation of law (the "Chapter 7 Trustee").[3]  On August 29, 2006, the Debtor appeared

at the initial §341(a) Meeting of Creditors (the "341 Meeting"). [Debtor's Brief at Page 4 ¶2].

By Orders dated January 11, 2007, the Chapter 7 Trustee was authorized to retain the law firm

Bryan Cave LLP as his counsel, and the accounting firm Davis Graber Plotzker & Ward, LLP as

his accountants, to assist in his administration of the Debtor's chapter 7 estate. [Id.; ECF 14].

On March 30, 2007,  the United States Trustee filed a motion seeking to dismiss the

Debtor's Chapter 7 case for abuse under 11 U.S.C. §707(b) and for bad faith under 11 U.S.C.

---

[3]    A Chapter 7 trustee is appointed by the United States Trustee in all Chapter 7 cases.
11 U.S.C. § 701(a)(1) provides: "Promptly after the order for relief under this chapter, the United States
Trustee shall appoint one disinterested person that is a member of a panel of private trustees established
under section 586(a)(1) of title 28 . . . to serve as interim trustee in the case."  Pursuant to 11 U.S.C. §
702(d), the interim trustee shall serve as the permanent trustee in the case if the creditors do not elect a
trustee.  The duties of a Chapter 7 trustee include, among other things, investigating the financial affairs
of the debtor.  11 U.S.C. §704.

§707(a) (the "Section 707 Dismissal Motion"). [CD-1; ECF 20].[4]   The Section 707 Dismissal

Motion was based upon the Debtor's testimony at the 341 Meeting, as well as an evaluation of

her credit card statements, which confirmed that the majority of the charges were for recurring

luxury purchases such as Chanel suits and other couture clothing, recreational travel and fine

dining. [Id. at pp. 2-3; ¶¶7-9].   The Debtor's bank statements also revealed that, prior to the

bankruptcy filing, she spent significant sums on non-essential items such as yoga classes,

designer chocolates, manicures, and wine. [CD-1; ECF 20, at pp. 5-6 ¶17(a)].  In addition,

although the Debtor reported in her Bankruptcy Schedules that loans received from family

members totaling approximately $144,000.00 were for the operation of DB Productions, she

testified at the 341 Meeting that these funds were provided to help her with expenses that arose

in connection with her divorce and otherwise. [CD-1; ECF 20 at p. 3, ¶8].  By characterizing the

majority of her debts as "business debts," the Debtor circumvented the requirement of filing a

means-test form in her bankruptcy case.[5] [CD-1; ECF 20, at p. 9, ¶20].  Based upon the totality

of the circumstances, the United States Trustee sought to dismiss the Debtor's Chapter 7 case for

abuse and bad faith. [Id. at p. 5, ¶ 17; p. 8, ¶¶19-20].

**The Debtor's Conversion of Chapter 7 Case to Chapter 11**

In response to the Section 707 Dismissal Motion, on July 6, 2007 the Debtor filed a

motion seeking to convert the Chapter 7 case to a case under Chapter 11 of the Bankruptcy

Code. [CD-2; ECF 29]. On October 2, 2007, the Bankruptcy Court entered an order converting

---

[4]   "CD-" is used herein to identify a document by its numbers in the United States Trustee
Counter-Designation of the Record on Appeal.

[5]   Under Interim Rule 1007(b)(4) of the Federal Rules of Bankruptcy Procedure, only an
individual debtor with primarily consumer debts is required to file a statement of current monthly income
(also known as the "means test") in a Chapter 7 case.

the Chapter 7 case to one under Chapter 11. [D-3; ECF 34].   Upon the conversion, the Chapter 7

Trustee was released of his rights, powers and duties over the Debtor's estate.[6]

**The Relationship Between the Debtor and DB Productions**

A lingering issue that existed in this case was the interrelationship between the Debtor

and DB Productions. The Bankruptcy Court noted at a number of hearings that DB Productions

had not filed for bankruptcy relief despite the fact that the Debtor and the corporation operated as

a unit. [CD- 4; ECF 74, p. 3:23-25 and p. 4:1-2; 11-15; CD-5, p. 8:18-24; D-10; ECF 73, p.

12:13-15].  On January 24, 2008, the Bankruptcy Court held a status conference in the Debtor's

chapter 11 case, and directed the Debtor to file a response to various questions posed by the

Court regarding DB Productions. [D-8; ECF 61 - Declaration of Brian S. Masumoto, ¶ 13].  The

Debtor filed a response to the Bankruptcy Court's directive on January 29, 2008, stating that DB

Productions was operated out of her apartment and that she took money from the company

whenever necessary to pay her bills. [Id.].

The Debtor, however, failed to address the Bankruptcy Court's concerns regarding the

lack of transparency and disclosure of the financial relationship between the Debtor and DB

Productions. [CD-4; ECF 74, p. 4:1-2, 13-15].  At the status conference held on February 28,

2008, the Court stated that the Debtor's response to the Court's directive did not answer the

Court's questions and "raised more questions along the lines of those that were asked

previously."  CD- 4; ECF 74, p. 10:8-10].  The Court reiterated its concerns about the

interrelated finances of the Debtor and DB Productions, stating that the Debtor was using DB

---

[6]      The appointment of a  chapter 7 trustee pursuant to 11 U.S.C. §§ 701 and 702 terminates, by
operation of law, upon conversion of a Chapter 7 case to Chapter 11.  Under 11 U.S.C. § 1101(1), a
Chapter 11 debtor operates as a "debtor in possession" and maintains possession and control of the
property of her estate during the Chapter 11 case.

Productions as "... a piggy bank, whenever she needs money she takes it out of the corporation; she operates it as if they were a unit, the individual and the corporation." [CD- 4; ECF 74, p. 3: 25; p. 4:1-2]. The Court also questioned the Debtor's viability in Chapter 11 given the request for administrative expenses by the chapter 7 professionals, which the Court concluded "... is another potential devastating hole in the possibility of any successful reorganization here." [Id. at p. 4:7-15]. The Debtor was further cautioned that "... the aroma of substantial abuse still seems to be here." [CD-4; ECF 74, p. 9:10-11].

**The Bankruptcy Court's Concern Over the
Debtor's Delay in Administering the Estate**

Throughout the course of this case, the Bankruptcy Court expressed concern as to the existence of abuse by the Debtor and the Debtor's failure to move the case through the bankruptcy process in a timely manner. At the March 11, 2008, hearing on the fee applications of the Chapter 7 professionals, the Court noted that "... there's been an inordinate delay in this case, and it has not been shown that this delay has been occasioned by the administration of the [Chapter 7] trustee and the accountants to the trustee. Clearly their efforts have been sufficient to bring on a motion by the U.S. Trustee for abuse, and a lot of the factors with respect to that abuse still have not been dissipated, at least in my eyes." [CD-5, p. 9 :21-25; p. 10:1-3].

**The United States Trustee's Motion to Dismiss
the Chapter 11 Case, Pursuant to 11 U.S.C. § 1112(b)**

On March 28, 2008, the United States Trustee filed a Motion to Convert the Chapter 11 Case to a Chapter 7 Case, or in the Alternative, to Dismiss the Chapter 11 Case (the "Motion to Convert or Dismiss"). [D-8; ECF 61]. The Motion to Convert or Dismiss was premised on a number of factors, including the failure of the Debtor to satisfactorily comply with the Court's

January 24, 2008, request for detailed information regarding DB Productions. [D-8; ECF 61 at

¶11].  The Motion to Convert or Dismiss also cited the operating losses reported in the Debtor's

Monthly Operating Reports filed for the periods October 2, 2007 through February 29, 2008.

[D-8; ECF 61 at ¶¶ 17-20].  These reports, prepared by the Debtor's accountants, established that

the Debtor operated at a significant loss every month with the exception of the month of

December 2007, where there was a profit of only $1,320.00. [Id.].  In connection with her

financial reporting requirements, the Debtor failed to provide bank statements and copies of

cancelled checks as required by the United States Trustee Guidelines,[7] which prevented the

United States Trustee from verifying any of the information provided. [D-8; ECF 61, pp. 8-9].

Given these losses, the United States Trustee concluded that the Debtor lacked the financial

wherewithal to propose a feasible plan of reorganization such that she would be able to pay the

administrative claims of the Chapter 7 professionals, the Chapter 11 professionals, her tax

liabilities and her unsecured debt. [D-8; ECF 61, p.10].  The Debtor also failed to pay all of the

statutory fees due to the United States Trustee as required by 28 U.S.C. § 1930(a)(6). [D-8; ECF

61, p. 11].

On May 1, 2008, the Debtor filed her response to the Motion to Convert or Dismiss, and

advised the Bankruptcy Court and the United States Trustee that the Debtor no longer believed

that she could successfully confirm a Chapter 11 plan, and that she would consent to either the

conversion of her case to chapter 7 or the dismissal of her chapter 11 case. [D-9, ECF 66 ¶ 12;

---

[7]    Title 28 U.S.C. § 586(a)(3) directs the United States Trustee to supervise the administration of all Chapter 11 cases.  In accordance with 28 U.S.C. § 586(a)(3), and in accordance with 11 U.S.C. § 704(8) and Federal Rule of Bankruptcy Procedure 2015, the United States Trustee for Region 2 has established Operating Guidelines and Reporting Requirements for Chapter 11 debtors.  The Guidelines may be found at the United States Trustee's Region 2 website for its Manhattan Office at http://www.usdoj.gov/ust/r02/manhattan/chapter11.htm

D-10, ECF 73, p. 4:5-6].

**The Bankruptcy Court's Decision and Order Dismissing the Debtor's**
**Bankruptcy Case with Prejudice to Refiling for a Period of One Year**

  The hearing on the Motion to Convert or Dismiss was held on May 6, 2008, and the

Bankruptcy Court ruled in favor of the dismissal of the Debtor's case. Debtor's counsel

conceded a number of times at the hearing that the Debtor agreed to a dismissal with prejudice,

and stated that a bar to refiling for a three to six month period would be reasonable. [D-10; ECF

73, p. 4:5-10, p. 13:19-23, p. 14:15-16]. The Bankruptcy Court concluded, however, that there

was substantial justification for the dismissal of the Debtor's case with prejudice for a one year

period, which was supported by the record. [Id.; ECF 73, p. 10:13-15, p. 13:22-25, p. 14:1-2 and

9-10]. The Court also expressed concern as to the Debtor's motivation with respect to her

position on the one year prohibition, and the perception that the Debtor had the intention to refile

for bankruptcy relief after dismissal:

> "[I]f this debtor has an intention possibly or is harboring some
> intention of coming back to this court, we've had enough exposure
> to the debtor that I see that the U.S. Trustee's request for with
> prejudice has substantial justification for a one year period."

[Id. at p. 5:19-24].

            . . .

> "I'm beginning to suspect that you are contemplating a refiling here. . . .
> I'm having a problem with you, Mr. Pick [Debtor's counsel], if that's what
> you're contemplating and that's the basis for your arguing for an
> additional six months with prejudice, you concede that a with prejudice
> would be appropriate in this case or you wouldn't resist it"

[Id. at p. 11:18-19; 23-25; p. 12:1-2].

  The Bankruptcy Court recited a number of factors in reaching its conclusion, including

possible refiling, the escalating administrative expenses, chapter 7 professional fees, the

substantial claims filed by the taxing authorities and credit card companies, and the Debtor's failure to explain the abuse as alleged by the United States Trustee. [D-10; ECF 73, p. 4:18-20;11-13; 14-22; p. 5: 5-11; p. 11: 23-25; p. 12:1-2].  The Court stated that ". . . [t]he abuse has never been fully explained except in colloquy in front of the court and that she needs to be very well dressed in order to function in her business, which is to show herself off at great expense, and that there is another entity out there that may or may not be bearing the freight." [Id. at p. 5:5-11].  The Court also expressed concern as to why the Debtor had not caused DB Productions to file for bankruptcy relief, despite the intermingling of its financial affairs with those of the Debtor, and noted that "[t]his case is just peppered with the lack of any information or potential for a successful Chapter 11."  [D-10; ECF 73, p. 6:2-3; p. 12:13-15; p. 10:22-24].

In light of  the Debtor's history in the bankruptcy court, which included conversion of her Chapter 7 case to Chapter 11 when faced with a motion to dismiss for abuse and bad faith, the inability to successfully reorganize in Chapter 11, and the lack of adequate disclosure with regard to the relationship between the Debtor and DB Productions, the Court found substantial justification for dismissal of the bankruptcy case with prejudice to the Debtor refiling for bankruptcy for a one year period. [D-10; ECF 73, p. 4:18-20;11-13; 14-22; p. 5: 5-11; p. 11: 23-25; p. 12:1-2].

## V.   SUMMARY OF ARGUMENT

The Debtor's conduct over the last two years gave the Bankruptcy Court ample cause to dismiss her bankruptcy case with prejudice. The Court had the discretion to impose what it deemed an appropriate prejudicial period to prevent the Debtor from immediately filing another petition.  The record clearly reflects that the Court did not abuse its discretion, and the Order

dismissing this case with prejudice to refiling for one year should be affirmed.

## VI.    ARGUMENT

### A.    Cause Existed to Dismiss the Case

The United States Trustee asks this Court to affirm the Bankruptcy Court's Order

dismissing the case and precluding the Debtor from filing again for one year.  There is no dispute

that dismissal was proper.  11 U.S.C. § 1112(b) provides that on the request of a party in interest,

and after notice and a hearing, the "Court shall convert a case to a case under chapter 7 or

dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if

the movant establishes cause."  11 U.S.C. § 1112(b)(1).  Section 1112(b)(4) of the Bankruptcy

Code describes a variety of enumerated factors which may constitute "cause" for conversion or

dismissal, including substantial or continued diminution of the estate and absence of a reasonable

likelihood of rehabilitation, gross mismanagement of the estate, unexcused failure to satisfy

timely any filing or reporting requirement, failure to timely provide information requested by the

United States Trustee, [failure to timely pay postpetition taxes], or failure to pay fees required

under title 28.  11 U.S.C. § 1112(b)(4).  The list is not exhaustive.  In re State Street Assoc., 348

B.R. 627, 639, n. 24 (Bankr. N.D.N.Y. 2006) (citing In re RAM, Inc., 343 B.R. 113, 117 (Bankr.

E.D. Pa. 2006)).[8]  See also In re The 1031 Tax Group, LLC, 374 B.R.78, 93  (Bankr. S.D.N.Y.

2007) (a case may be dismissed for reasons other than those specified in §1112(b), as long as the

reasons establish "cause").

---

[8]    Although decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), Second Circuit authority providing that the list of factors in pre-BAPCPA section 1112(b) was illustrative rather than all-inclusive is still applicable.  In re C-TC 9th Ave. P'ship., 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss chapter 11 filing upon a finding that case was filed in "bad faith" even without consideration of the factors set out in section 1112(b)).

In this case, the Debtor did not timely pay United States Trustee fees. She did not file a disclosure statement. She did not, and indeed could not, file a plan capable of confirmation. Despite the requests from the United States Trustee and a direction from the Bankruptcy Court, she continued to use the assets of DB Productions in order to fund her extravagant spending, apparently with monies from DB Productions without a full accounting. She did not timely provide the United States Trustee with information and documents as requested. She filed monthly operating reports that consistently reflected losses. In addition, the Debtor herself consented to dismissal.

**B.    Cause Existed to Dismiss the Case with**
   **Prejudice to Refiling for a One Year Period**

The Second Circuit has long held that when dismissing a chapter 11 case under §1112(b) of the Bankruptcy Code, the bankruptcy court may preclude the debtor from refiling for bankruptcy relief for a specified period. See, e.g., In re Casse, 198 F.3d at 339-41 (it is within the sound discretion of the bankruptcy court to find "cause" to preclude a debtor from filing another petition for bankruptcy relief is made by the bankruptcy court within its discretion). The exercise of discretion to dismiss a bankruptcy case with prejudice should be based upon a review of a debtor's overall conduct throughout the entire bankruptcy process. In re Ladd, 82 B.R. 476, 477 (Bankr. N.D. Ind. 1988); In re McClure, 69 B.R. 282 (Bankr. N.D. Ind. 1987); see also In re Jones, 289 B.R. 436, 439 (Bankr. M.D. Ala. 2003) (finding that the Debtor's history in her bankruptcy case demonstrated an "abuse of the protection[s] of the Bankruptcy Code" sufficient to support dismissal with prejudice to refiling for one year); Phoenix Land Corp, 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993) (filing a chapter 11 case in order to delay and thwart the efforts of secured creditors to enforce their rights was sufficient to dismiss with prejudice for a period of

one year).

Significantly, the Debtor did not object to dismissal of the case with prejudice at the May 6, 2008 hearing on the Motion to Convert or Dismiss, and she does not object now. [D-10 ; ECF 73 - Page 4:5-10, Page 13:19-23, Page14:15-16].  Nor has the Debtor denied that the Bankruptcy Court has the power to bar her from refiling another case for longer than 180 days.  Rather, she now argues that the Bankruptcy Court abused its discretion in entering a bar of one year, because her conduct was not sufficiently egregious to warrant such a lengthy prejudicial period. [Debtor's Brief at p. 15].[9]  Her examples of such behavior included debtors who filed repeatedly on the eve of foreclosure (i.e., the "serial filers") (see e.g., Casse, 198 F. 3d at 341-42; Tomlin Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F. 3d 933, 937 (4th Cir. 1997); In re Herrera, 194 B.R. 178 (Bankr. N.D. Ill. 1996), failure to file required schedules and refusal to comply with court directives (see e.g., In re Hughes, 360 B.R. 202, 205-06 (Bankr. N.D.Tex. 2007), and other delays and contumacious conduct (see e.g., In re Martin-Trigona, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983) (quoting Durham v. Florida East Coast Railway Co., 385 F.2d 366, 368 (5th Cir. 1967)).  The Debtor also argues that she was not a party to any litigation, she owns no real estate, she is current on her lease, does not have any property held under restraint or subject to tax lien, and that this case is her first bankruptcy case.  She states that she is merely a bad businesswoman

---

[9]    The Debtor was aware that the United States Trustee was seeking dismissal with prejudice to refiling for a one year period well in advance of the hearing on the Dismissal Motion.  Any contention that the Debtor was hindered because the Dismissal Motion did not expressly request that the case be dismissed with prejudice should not be entertained on this appeal.  At the hearing held on March 11, 2008 – nearly seven weeks prior to the hearing on the Dismissal Motion – Debtor's counsel indicated that he had been in contact with the United States Trustee's Office concerning a motion to convert or dismiss, and stated that  "[T]he alternative relief they've asked me is about dismissing the case.  I said that we are prepared to discuss that with them and we'll agree to a certain period of time, but at the moment they are asking for a year that she can't [ever] refile." [ CD-5 - Page 21:18-21].

-13-

with a tumultuous personal life. [Debtor's Brief at Page 2].

None of the cases and/or examples of willful conduct relied upon by the Debtor present facts that are present here. What they do share, however, is one major and significant theme: a debtor may be found to act in bad faith, and therefore, subject herself to dismissal with prejudice, when she causes delay that harms the estate, creditors and other parties in interest, or when she does not fulfill her duties as a debtor-in-possession. See also In re Phoenix Land Corp, 164 B.R. at 176 (in determining whether to dismiss a case with prejudice, courts have considered any factor which evidences a debtor's intent to abuse the judicial process). That is precisely what happened in this case and why the Bankruptcy Court found cause to impose the one-year bar.

From the time the Debtor filed her Chapter 7 case, the Bankruptcy Court was concerned not only with her extravagant lifestyle, which included a couture wardrobe, a $7,100 per month apartment and a $2,800 per month nanny for her son, but also the Debtor's continued use of DB Productions as a "piggy bank" to fund her personal needs. [CD-1; ECF 20, pp. 2-3; ¶7-9;CD- 4; ECF 74, p. 3: 25; p. 4:1-2]. The Court raised the issue of the "unity" between the Debtor and DB Productions on more than one occasion, viewing the indebtedness of the Debtor and the indebtedness of the corporation to be interchangeable "... as if they were a unit." [CD- 4; ECF 74, p. 3:23-25, p. 4:1-2; 11-15; 13-15; CD-5, p. 8:18-24; D-10; ECF 73, p. 12:13-15]. The Court was not satisfied with the Debtor's explanation that she needed an expensive wardrobe to appear to be a successful corporate events planner and that if DB Productions filed a bankruptcy petition, the business would be unable to operate. [D-10; ECF 73, p. 5:5-11].

At nearly every hearing and status conference in this case, the Bankruptcy Court chastised the Debtor for her lack of candor and her abuse of the bankruptcy process. For

example, at the February 28, 2008, hearing, the Bankruptcy Court stated that "the aroma of substantial abuse still seems to be here" and found that the Debtor's response to the Court's directive to provide information regarding DB Productions insufficient to allow the Court to determine whether the Debtor was capable of filing a feasible plan of reorganization. [ [CD-4, p. 9:10-11; ECF 74]. The Court further stated that the case "is just peppered with the lack of any information or potential for a successful Chapter 11." [D-10; ECF 73, p. 10:22-24]. This lack of information cannot be underestimated, as "accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991); see also In re Phouminh, 339 B.R. 231, 247 (Bankr. D. Colo. 2005)(in denying discharge in a Chapter 7 case, the court stated that "a lack of transparency creates a cloud of doubt as to the true nature of the debtor's pre-petition activities."); In re V Companies and V-S Architects, Inc., 274 B.R. 721, 725 (Bankr. N.D. Ohio 2002)(undue delay includes a debtor's failure to provide meaningful information at any stage of the proceeding).

Further, at the March 11, 2008, hearing, the Bankruptcy Court expressed concern for the "inordinate delay" in the case and stated unequivocally that the factors in the United States Trustee's Section 707 Dismissal Motion with respect to abuse "still have not been dissipated, at least in my eyes." [CD-5, p. 9:21-25; Page 10:1-3]. At the May 6, 2008, hearing on the Motion to Convert or Dismiss was granted, the Bankruptcy Court further stated that "[t]he abuse has never been fully explained except in colloquy in front of the court that [the Debtor] needs to be very well dressed in order to function in her business, which is to show herself at great expense, and that there is another entity out there that may or may not be bearing the freight." [D-10; ECF 73, p. 5:5-11]. The Bankruptcy Court opined that the Debtor would become a serial filer, and

-15-

harbored the desire for "a potential refiling" of this case either in Chapter 7 or Chapter 11. [Id. at p. 11:18-19; 23-25; p. 12:1-2].

Moreover, as already stated, the Debtor failed or refused to carry out the duties required of a debtor in chapter 11. She did not timely pay United States Trustee fees. She did not file a disclosure statement or a plan. She could not propose a plan capable of confirmation. She took money from DB Productions to fund her extravagant spending and did not fully account for it. due. She did not timely provide the United States Trustee with information and documents as requested. She filed monthly operating reports that consistently reflected losses. She could not explain to the Bankruptcy Court the reasons for delay or why or how this case was going to succeed. The Bankruptcy Court properly determined that these circumstances supported its exercise of discretion to limit the Debtor's access to future bankruptcy relief for a period of one year.

-16-

## VII.  CONCLUSION

Based on the foregoing, the United States Trustee requests that the Court affirm the

Bankruptcy Court's order dismissing the Debtor's bankruptcy court with prejudice and grant

other relief as is just and proper.

Dated: New York, NY

      August 22, 2008

                                  Respectfully submitted,

Of Counsel:

| | |
|---|---|
| RAMONA ELLIOTT | LINDA RIFFKIN |
| General Counsel | Assistant United States Trustee |
| P. MATTHEW SUTKO | SUSAN D. GOLDEN |
| CARRIE WEINFELD | MARYLOU MARTIN |
| Office of the General Counsel | Trial Attorneys |
| | |
| Executive Office for United States Trustees | Office of the United States Trustee |
| United States Department of Justice | 33 Whitehall Street, 21st Floor |
| 20 Massachusetts Avenue, N.W. | New York, NY 10004 |
| Suite 8100 | (212) 510-0500 |
| Washington, DC 20530 | |
| (202) 305-0550 | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

In re

DONNA BERG,

                Debtor.

-------------------------------------------------------- x

DONNA BERG,

                Appellant,

    -against-

DIANA G. ADAMS as the
UNITED STATES TRUSTEE,

                Appellee.

-------------------------------------------------------- x

:  Case No. 06-11682 (BRL)

:

:

:  (Chapter 7)

:

:

:

:  District Court

:  Case No.  08-CV-05548 (DAB)

:

:

:

:

:

## AFFIRMATION OF SERVICE

    SUSAN D. GOLDEN, hereby affirms under penalty of perjury that the forgoing is true and correct:

        1.        I am an attorney with the Office of the United States Trustee for the Southern District of New York.

        2.        On August 22, 2008, I caused a true and correct copy Brief of Appellee United States Trustee to be served by regular mail upon Douglas J. Pick, Esq., counsel to Debtor-Appellant Donna Berg, at Pick & Zabicki LLP, 369 Lexington Avenue, 12th Floor, New York, NY 10017, by depositing a true copy of same in a sealed envelope, with postage pre-paid

thereon, in an official depository of the U.S. Postal Service within the City and State of New

York.

/s/ Susan D. Golden
Susan D. Golden